IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-188-FL

| | |
|---|---|
| BRADFORD HANCOX, as the Administrator of the Estate of Candee Sommer, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and ROBBIE WILLETS, <br><br> Defendants. | ORDER |

This matter is before the court on motions to realign the parties (DE 7) and for judgment on the pleadings (DE 12), filed by defendant State Farm Mutual Automobile Insurance Company ("State Farm"). The issues raised are ripe for ruling. For the following reasons defendant State Farm's motion to realign the parties is denied as moot and its motion for judgment on the pleadings is granted.

**STATEMENT OF THE CASE**

This dispute arises from a collision that occurred between a motorcycle carrying Candee Sommer ("decedent") and a car driven by Buenaventura Hernandez ("Hernandez"), in which decedent was killed. Plaintiff previously filed an action for negligence, negligence per se, and gross negligence resulting in wrongful death in superior court in Wake County, North Carolina against Hernandez, (the "underlying action"), in which defendant State Farm was served June 13,

2018, and plaintiff received a $3 million judgment against Hernandez April 9, 2019. Plaintiff dismissed State Farm from the underlying action without prejudice May 31, 2019.

Plaintiff brought the instant action April 4, 2022, in superior court in Cumberland County, North Carolina, asserting claims against defendant State Farm arising out of its denial of insurance payments to plaintiff, comprising claims for breach of contract, tortious and bad faith breach of contract, violation of N.C.G.S. §58-63-15(11), negligence and gross negligence, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, and constructive fraud. Plaintiff also names as defendant Robbie Willets ("Willets"), decedent's spouse at the time of the collision, for the purpose of a declaration of Willet's rights.[1] Plaintiff seeks declaratory judgment from both defendants. As to State Farm, plaintiff seeks at least $25,000 in compensatory damages, punitive damages, treble damages, attorneys' fees and costs.

Defendant State Farm removed the action to this court, invoking this court's diversity jurisdiction. It then filed the instant motion to realign the parties and motion for judgment on the pleadings, relying upon a divorce complaint filed by decedent, (DE 13-1), copies of Willets' insurance policies, (DE 13-2), and its answer in the underlying action (DE 13-3). Plaintiff responded in opposition, relying upon the complaint and summonses in the underlying action as it pertains to the motion for judgment on the pleadings.[2]

**STATEMENT OF FACTS**

The facts alleged in the complaint are as follows. Decedent resided in Cumberland County at the time of her death, and plaintiff is the administrator of her estate. Defendant Willets also

---

[1] Scott Farr, the driver of the motorcycle, is not joined in this action.

[2] This court previously denied plaintiff's motion to remand for failure to follow Local Civil Rule 7.1(e).

resides in Cumberland County. Defendant State Farm is an insurance company duly authorized to conduct business in North Carolina.

Decedent was killed in the collision between the car driven by Hernandez and the motorcycle on which she was a passenger. Scott Farr, who is not joined in this action, was driving the motorcycle. At the time of her death, decedent was married to and residing with Willets, who carried two motor vehicle insurance policies issued by State Farm. The policies included a total of $100,000 in uninsured motorist ("UM") coverage for Willets and those who were members of his household, family, or both.

Counsel for plaintiff sent an email to defendant State Farm demanding $100,000 in coverage April 9, 2019, the day judgment against Hernandez was entered in the underlying action. Counsel for defendant State Farm sent a letter stating that it had received the demand and was "maintaining its coverage position" May 8, 2019. (Compl. ¶ 27).

**COURT'S DISCUSSION**

A. Motion to Realign the Parties

Defendant State Farm argues that Willets is a nominal party whose citizenship should be disregarded for purposes of determining the existence of diversity jurisdiction. The court agrees.

"A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Savings Association v. Lee, 446 U.S. 458, 461 (1980). "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Hartford Fire Ins. Co. v. Harleysville Mutual Insurance Co., 736 F.3d 255 (4th

Cir. 2013). Defendants are nominal parties when they "act as mere conduits for a remedy flowing to others," Navarro, 446 U.S. at 465.

Plaintiff and defendant Willets are both citizens of North Carolina. (Comp. ¶¶ 1, 2, 4). Defendant State Farm is a citizen of Illinois. (Ans. ¶ 3). Plaintiff's complaint does not include factual allegations against Willets or suggest that he has a "palpable interest in the outcome of [the] case." Hartford Fire Insurance, 736 F.3d 255, 259; see also Mansfield v. Vanderbilt Mortgage and Finance, Inc., 29 F.Supp.3d 645, 651 (E.D.N.C. 2014) (finding defendants to be nominal parties where a complaint did not include factual allegations against them). Instead, it includes defendant Willets "in this action for the purpose for a declaration of his rights for the two policies which he had with State Farm." (Compl. ¶ 4); see also Cesil v. Liberty Mutual Fire Insurance Company, No. 2-20-cv-00008, 2020 WL 2128636 at *2 (E.D.N.C. 2020) (finding a party to be a nominal defendant when he was joined in the lawsuit only for the purpose of a declaratory judgment interpreting his insurance policy).

The court therefore finds that where defendant Willets has no "immediately apparent stake in the litigation," Hartford, 736 F.3d at 260, he is a nominal defendant for purposes of diversity jurisdiction.

Plaintiff suggests that Willets retains an interest as decedent's heir and should therefore remain a defendant in this action, thereby defeating diversity jurisdiction. Where plaintiff's complaint fails to allege that plaintiff is seeking recovery from Willets, or that Willets is seeking recovery from State Farm, however, plaintiff has not asserted any grounds for retaining Willets as a real party in interest. Plaintiff also suggests that defendant State Farm's notice of removal was not timely filed because State Farm received service of the summons and complaint on April 8, 2022 and did not file notice of removal until May 9, 2022. Where May 8, 2022 fell on a Sunday,

4

and Federal Rule of Civil Procedure 6(a)(1)(C) specifies that if the "last day [of a period] is a. . . Sunday. . ., the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," however, defendant State Farm's notice of removal was timely filed. Fed. R. Civ. Proc. 6(a)(1)(C).

In sum, where defendant State Farm has established that complete diversity exists between it and plaintiff, the court concludes that it has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 and that removal is therefore proper under 28 U.S.C. § 1441. However, where defendant Willets is a nominal party with no real interest in this litigation, this court finds no good cause to realign the parties with Willets as a plaintiff. Instead, it suffices to leave him as herein designated a nominal party. Defendant State Farm's motion to realign the parties is therefore denied as moot.

B.    Motion for Judgment on the Pleadings

    1.    Standard of Review

In reviewing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court applies "the same standard" as for motions to dismiss made pursuant to Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In evaluating the complaint, "[the] court accepts all well-plead facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . .

5

unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

2. Analysis

a. Uninsured Motorist Claims

Defendant State Farm argues that plaintiff's "uninsured motorist claims," which the court construes as comprising plaintiff's first, second, third, fifth, sixth and seventh causes of action,[3] are barred by the statute of limitations.

"Ordinarily, the bar of the statute of limitations is a mixed question of law and fact." Scott Poultry Co. v. Bryan Oil Co., 272 N.C. 16, 21 (1967). But where the relevant facts are not in dispute, "the question of limitations becomes a matter of law." Id. The North Carolina statute of limitations is two years for wrongful death, see N.C.G.S. § 1-53(4), and three years for contract, see N.C.G.S. § 1-52(1), or negligent misrepresentation, see N.C.G.S. § 1-52(5); Barger v. McCoy Hillard & Parks, 346 N.C. 650, 665-66 (1997). "A cause of action generally accrues when the right to institute and maintain a suit arises." Register v. White, 358 N.C. 691, 697 (2004). The North Carolina Rules of Civil Procedure further specify that "if an action commenced within the [statute of limitations]. . . is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal." N.C.G.S. § 1A-1-41(a)(1).

Under North Carolina law, a "[p]laintiff's right to recover against his intestate's insurer under the uninsured motorist endorsement is derivative and conditional." Brown v. Lumbermen's Mutual Casualty Co., 285 N.C. 313, 319 (1974). Because "any defense available to the uninsured

---

[3] Defendant does not specify which claims are encompassed within its descriptive term "uninsured motorist claims." (DE 13 at 1). However, it suggests that not all of plaintiff's claims fall within this category. The court discusses further herein additional claims subject to additional analysis.

6

tort-feasor [is] available to the insurer," the appropriate statute of limitations to apply is that of the underlying tort. Id.; see, e.g., Thomas v. Washington, 136 N.C. App. 750, 754 (2000) (rejecting "the application of a contracts statute of limitations" in a case in which plaintiff sought payment on an uninsured motorist coverage policy from her insurer).

Here, because Sommer died instantly in an accident occurring May 15, 2016, the injury occurred and the statute of limitations began to run on that date. See Brown, 285 N.C. at 319. As the underlying tort against the uninsured motorist was for wrongful death, this court applies the two-year statute of limitations for that tort. See id. at 320; N.C.G.S. § 1-53(4); see also Dean v. Rousseau, 283 N.C. App. 480, 484 (2022) (dismissing plaintiff's uninsured motorist claim where insurers were served with summons and complaint after the statute of limitations for wrongful death had run). Plaintiff commenced a suit within the limitations period, but he dismissed the case against defendant State Farm and failed to refile within one year. See N.C.G.S. § 1A-1-41(a)(1). Accordingly, his claims are barred by the statute of limitations.

Plaintiff's attempts to label his claims in his complaint as arising in contract or negligence are unavailing. Under North Carolina law, defendant State Farm "assumed liability only for damages for which plaintiff could recover judgment in a court of law against the uninsured motorist," Brown, 285 N.C. at 320, regardless of the cause of action chosen by plaintiff. "Despite the contractual relation between [decedent] insured and defendant insurer, this action is actually one for the tort . . . committed by the uninsured motorist." Brown, 285 N.C. at 379. The following claims all sound as attempts to compel defendant State Farm to reimburse plaintiff under Willet's uninsured motorist provision:

> a) (first claim) request for a declaratory judgment holding that "State Farm had an obligation to pay Plaintiff the full UM coverage amount of $100,000," (Compl. ¶ 40);
>
> b) (second claim) contract claim that defendant "State Farm breached its contractual obligations to Plaintiff by its failure to pay the $100,000 in UM coverage," (Compl. ¶ 49);

7

c) (third claim) bad faith breach of contract claim that defendant State Farm "unreasonably refused to pay amounts clearly owed," (Compl. ¶ 56);

d) (fifth claim) negligence and gross negligence claim that defendant State Farm "failed to pay Plaintiff's claims without conducting a reasonable investigation," (Compl. ¶ 72),

e) (sixth claim) breach of the implied covenant of good faith and fair dealing claim that defendant State Farm "fail[ed] to tender the policy limits to Plaintiff following entry of the judgment against Hernandez," (Compl. ¶ 81),

f) (seventh claim) negligent misrepresentation claim that defendant State Farm "supplied false information. . . that the policies at issue did not provide coverage" (Compl. ¶ 84).

Plaintiff maintains that Brown stands for the proposition that a "right to recovery does not start until a judgment is entered against the uninsured defendant." (DE 18 at 6). However, the court can find no language in the case to support that reading. Instead, the plaintiff in Brown was barred from recovery even though the uninsured motorist was unidentifiable. See Brown, 285 N.C. at 314. Plaintiff's citation to N.C.G.S. § 20-279.21(b)(3) is similarly unconvincing. While the statute does state that an "insurer shall be bound by a final judgment taken by the insured against an uninsured motorist," that provision does not address how long the insured may wait before filing an action against the insurer. N.C.G.S. § 20-279.21(b)(3).

In sum, where the statute of limitations on the underlying tort committed by the uninsured motorist has run, plaintiff's first, second, third, fifth, sixth and seventh causes of action are dismissed as time-barred. By contrast, plaintiff's UDPTA (fourth) and constructive fraud (eighth) claims are not time-barred because they assert injuries from State Farm's own conduct, beyond that "derivative and conditional" liability applicable to claims for recovery under a UM insurance policy. Brown, 285 N.C. at 319. Whereas in suits for payment under a UM policy, "a UM carrier's liability does not attach until a valid judgment is obtained against an uninsured motorist," Grimsley v. Nelson, 342 N.C. 542, 547 (1996), a UDTPA plaintiff need not obtain any such judgment. Instead, a plaintiff alleging UDTPA violations in the settlement of an uninsured motorist claim

8

"must show that the defendant committed one of the enumerated unfair practices in the settlement of insurance claims." Elliot v. American States Insurance Co., 883 F.3d 384, 396 (2018); see, e.g., Guessford v. Pennsylvania National Mutual Casualty Insurance Co., 918 F.Supp.2d 453, 465 (M.D.N.C. 2013) ("Plaintiff's complaint contains allegations of aggravated conduct and bad faith delay.") Constructive fraud similarly requires "a breach of duty which. . . the law declares fraudulent because of its tendency to deceive, to violate confidence, or to injure public interests." Miller v. First National Bank of Catawba County, 234 N.C. 309, 316 (1951); see, e.g., Piles v. Allstate Insurance Co., 187 N.C. App. 399, 404 (2007) (finding in an underinsured motorist case that a constructive fraud action accrued "when [plaintiff] discovered or reasonably should have discovered the alleged fraud"). Accordingly, these claims are addressed below.

b. Unfair Trade Practices

"North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C.G.S. § 75-1.1, prohibits unfair and deceptive acts or practices generally, and North Carolina's 'Unfair Claim Settlement Practices' statute, N.C.G.S. § 58-63-15(11), defines unfair practices in the settlement of insurance claims." Elliott v. American States Insurance Co., 883 F.3d 384, 396 (4th Cir. 2018). While N.C.G.S. § 58-63-15(11) provides "examples of conduct to support a finding of unfair or deceptive acts or practice" in the settlement of insurance claims, "insurance companies are not immune to the general principles and provisions of N.C.G.S. § 75-1.1." Gray v. North Carolina Insurance Underwriting Association, 352 N.C. 61, 71 (2000).

"In order to establish a violation of N.C.G.S. § 75–1.1, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, (3) which proximately caused injury to plaintiffs." Gray, 352 N.C. at 68. "Whether an act . . . is an unfair or deceptive practice which

9

violates N.C.G.S. § 75–1.1 is a question of law for the court." Ellis v. Northern Star Co., 326 N.C. 219 at 226 (1990).

Plaintiff alleges here that defendant State Farm violated the following provisions of § 58-63-15(11):

> a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
> b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
> c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;. . .
> f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
> g. Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;. . .
> n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

N.C.G.S. § 58-63-15(11).

Plaintiff does not provide enough specific facts that, if true, would "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (2007). His allegations that "State Farm's denial of coverage was premised on an unreasonable interpretation of the policies," (Compl. ¶ 65) that it had a "pattern and practice of denying valid UM claims" and that it "intentionally failed to follow appropriate standards of the insurance industry," id., are "legal conclusion[s] couched as. . . factual allegations" which are not entitled to the assumption of truth. SD3, LLC v. Black & Decker, Inc., 801 F.3d 412, 422 (4th Cir. 2015). His assertion that "State Farm encourages their adjusters, agents, employees, attorneys, and associates to wrongfully deny covered UM claims," (Compl. ¶ 32), is speculative in that it not supported by "enough fact to raise a reasonable

expectation that discovery will reveal evidence" of the alleged illegal conduct. Twombly, 550 U.S. at 556 (2007).

Plaintiff's allegations that defendant State Farm "has a pattern and practice. . . to wrongfully deny claims under their insureds' UM policies when coverage should be provided," (Compl. ¶ 31) and "improperly denies claims to minimize claim payments and to maximize their profits," (Compl. ¶ 33) are similarly unsupported by factual allegations. At most, plaintiff has alleged that State Farm has denied coverage to which plaintiff was entitled. Simple claim denial is not listed as an example of inherently unfair insurance trade practices under of § 58-63-15(11), nor does it "involve some type of egregious or aggravating circumstance[]. . . sufficient to violate" § 75–1.1. ABT Building Products Corp. v. National Union Fire Ins. Co. of Pittsburgh, 472 F.3d 99, 123 (4th Cir. 2006). Plaintiff's reply brief reproduces the same conclusory allegations. See (DE-18 at 14). Where plaintiff has failed to plead facts that, if true, would support the inference of a violation of § 58-63-15(11) or § 75–1.1, his fourth claim for relief is dismissed.

c. Constructive Fraud

Both the Federal and North Carolina Rules of Civil Procedure require a party alleging fraud to state the circumstances constituting fraud or mistake "with particularity." Fed. R. Civ. P. 9(b); N.C.G.S. § 1A-1(9)(b). But in cases of constructive fraud, "the particularity requirement may be met by alleging facts and circumstances 1) which created the relation of trust and confidence, and 2) which led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." Terry v. Terry, 302 N.C. 77, 83 (1981). "Under North Carolina law, the key to a constructive fraud claim is a fiduciary relationship between plaintiff and defendant, [and] parties to a contract generally do not become each other's fiduciaries; what they owe each other is defined by the terms of their contracts, with

no special duty of loyalty." Dreamstreet Investments, Inc. v. MidCountry Bank, 842 F.3d 825, 831 (4th Cir. 2016); see also Cash v. State Farm Mutual Automobile Insurance Co., 137 N.C. App. 192, 206 (2000) (declining to find that an insurer has a fiduciary duty with respect to the settlement of claims). "It is not sufficient for plaintiff to allege merely that defendant had won his trust and confidence and occupied a position of dominant influence over him." Rhodes v. Jones, 232 N.C. 547, 549 (1950)."

Plaintiff alleges here that "when State Farm and Willets entered into the contracts of insurance, a relationship of trust and confidence was created between them," (Compl. ¶ 93), that decedent "had a relationship of trust and confidence with State Farm," (Compl. ¶ 94), and that "State Farm as an insurance carrier and provider of insurance to Willets, [decedent], and [p]laintiff, was in a superior position to them." (Compl. ¶ 95). These allegations would tend to show only that "defendant had won [plaintiff's] trust and confidence." Rhodes, 232 N.C. at 549, which does not in itself create a relationship of trust sufficient to support a constructive fraud claim. While plaintiff's statement in its response brief that "the question of whether. . . there was a fiduciary relationship. . . is a question of fact or a jury to decide" may well be true, (DE-18 at 11), it nevertheless remains plaintiff's responsibility to plead "enough factual matter (taken as true) to suggest that" illegal conduct took place. Twombly, 550 U.S. at 555. Where plaintiff has not pled facts sufficient to show that a confidential or fiduciary relationship may have existed between himself or decedent and defendant State Farm, his eighth claim for relief must be dismissed for failure to state a claim.

12

Case 5:22-cv-00188-FL   Document 24   Filed 11/22/22   Page 12 of 13

## CONCLUSION

Based on the foregoing, defendant's motion to realign the parties (DE 12) is DENIED. Defendant's motion for judgment on the pleadings (DE 12) is GRANTED, and this action is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

13

Case 5:22-cv-00188-FL   Document 24   Filed 11/22/22   Page 13 of 13